LAW OFFICE OF PETER A. ROMERO PLLC
Peter A. Romero, Esq.
825 Veterans Highway Ste B
Hauppauge, New York 11788
Tel. (631) 257-5588
PRomero@RomeroLawNY.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NATALIO VELAZQUEZ MARQUEZ and
VICTOR PERALTA on behalf of themselves and all
other persons similarly situated,

|  |  |
|---|---|
| Plaintiffs, | **COMPLAINT** |
| -against- | *Collective Action* |

CLOISTER CAFÉ, NICHOLAS DROBENKO,
JAROSLAW DROBENKO, JOHN DROBENKO,
and WALTER DROBENKO,
                                              Defendants.
-------------------------------------------------------------------X

Plaintiffs, NATALIO VELAZQUEZ MARQUEZ ("MARQUEZ") and VICTOR PERALTA ("PERALTA") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their counsel, the Law Office of Peter A. Romero PLLC, complaining of the Defendants, CLOISTER CAFÉ, NICHOLAS DROBENKO, JAROSLAW DROBENKO, JOHN DROBENKO and WALTER DROBENKO (collectively "Defendants") allege as follows:

## NATURE OF THE ACTION

1.      The Defendants are engaged in the restaurant business. The Plaintiffs and similarly situated employees performed non-exempt work for the Defendants. The Plaintiffs and similarly situated employees regularly worked more than 40 hours in a work week but were not paid overtime in violation of the Fair Labor Standards Act and the New York Labor Law.

1

2.      Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., ("FLSA"), on behalf of themselves and all similarly situated current and former employees who elect to opt into this action pursuant to the collective action provision of FLSA 29 U.S.C. §216(b).  Plaintiffs also bring this action on behalf of themselves to recover unpaid minimum wages, overtime wages, spread of hours pay, and statutory damages under the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 146 ("New York Labor Law").

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.      In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. §216(b).

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1).

## PARTIES

6.      Defendant, CLOISTER CAFE, was and still is a business that operates as a restaurant at 238 East 9th Street, in the City and the State of New York.

7.      At all times relevant, CLOISTER CAFÉ is an "enterprise engaged in commerce" within the meaning of the FLSA in that the restaurants (1) have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (2) have had an annual gross volume of sales of not less than $500,000.00.

8.      At all times relevant, Defendants had "employees engaged in commerce or in the production of goods for commerce, or…has employees handling, selling, or otherwise working on

2

goods or materials that have been moved in or produced for commerce" as required by the FLSA. Defendants' restaurants require a "wide variety" of materials that have moved through interstate commerce such as foodstuffs, kitchen utensils, cooking vessels, cleaning supplies, paper products, furniture, and more.

9.      Plaintiffs' duties included preparing and cooking food.  In performing their duties, Plaintiffs handled or worked with goods, such as grains, lamb, beef, poultry, fish, cheese, dairy products and cookware and cooking utensils which undoubtedly moved in interstate commerce.

10.      Defendant, NICHOLAS DROBENKO, is a resident of the County of Queens and State of New York, is an owner of CLOISTER CAFÉ, has authority to make payroll and personnel decisions for the restaurant, and is active in the day to day management of the restaurant, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

11.      Defendant, JAROSLAW DROBENKO, is an owner of CLOISTER CAFÉ, has authority to make payroll and personnel decisions for the restaurant, and is active in the day to day management of the restaurant, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

12.      Defendant, JOHN DROBENKO, is an owner of CLOISTER CAFÉ, has authority to make payroll and personnel decisions for the restaurant, and is active in the day to day management of the restaurant, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

13.      Defendant, WALTER DROBENKO, is an owner of CLOISTER CAFÉ, has authority to make payroll and personnel decisions for the restaurant, and is active in the day to day management of the restaurant, including the payment of wages to the Plaintiffs and determining what wages were paid to Plaintiffs.

3

14.     At all times relevant, Defendants have been, and continue to be, an "employer" engaged in "interstate commerce" and/or in the production of goods" for "commerce" within the meaning of 29 U.S.C. §203.  At all times relevant, Defendants have been, and continue to be, an "employer" as defined by 29 U.S.C. §203(D) and by the NYLL §190(3).

## STATEMENT OF FACTS

15.     Plaintiff MARQUEZ was employed by the Defendants from in or about March 2008 until in or about March 2019.  Plaintiff's duties included preparing food, washing dishes, and cleaning the premises.

16.     Plaintiff MARQUEZ regularly worked from 11:00 am until 12:00 am, Monday through Thursday and from 10:00 am until 3:00 am on Friday and Saturday.  Plaintiff regularly worked 6 days per week and sometimes 7 days per week.

17.     Defendants paid Plaintiff MARQUEZ "straight-time" at his regular hourly rate of pay for all hours worked, including hours worked after 40 hours in a single workweek.

18.     Plaintiff PERALTA was employed by the Defendants from in or about 2008 until in or about March 2019.  Plaintiff's duties included preparing food, washing dishes, and cleaning the premises.

19.     Plaintiff PERALTA regularly worked from 11:00 am until 11:00 pm, Monday through Thursday; from 11:00 am until 3:00 or 3:30 am on Friday; from 10:00 am until 3:30 or 4:00 a.m. on Saturday; and from 10:00 am until 12:00 a.m. on Sunday.  Thus, Plaintiff regularly worked 7 days per week.

20.     Defendants paid Plaintiff PERALTA "straight-time" at his regular hourly rate of pay for all hours worked, including hours worked after 40 hours in a single workweek.

21.     Throughout their employment with Defendants, Plaintiffs and similarly situated employees regularly worked more than 40 hours in a workweek without receiving premium overtime pay.

22.     Defendants failed to pay Plaintiffs and persons similarly situated to Plaintiffs a premium for time worked in excess of forty (40) hours per week.

23.     Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA by failing to maintain accurate records of the hours worked by and wages paid to Plaintiff and the Collective Action Plaintiffs.

24.     Throughout their employment with Defendants, Plaintiffs and Class Members often worked more than 10 hours in a single day.

25.     Defendants failed to pay Plaintiffs and Class Members spread-of-hours pay for each day in which their spread of hours exceeded 10 hours in violation of 12 N.Y.C.R.R. Part 146.

26.     Defendants failed to provide Plaintiffs and Class Members upon hire written notice of their rate of pay and other information required by Section 195 of the New York State Labor Law and 12 N.Y.C.R.R. Part 146.

27.     Defendants failed to furnish Plaintiffs and Class Members with a statement with every payment of wages listing the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked in violation of New York Labor Law §195(3) and 12 N.Y.C.R.R. Part 146.

28.     Defendants failed to post notices explaining wage and hour requirements in conspicuous places as required by the FLSA, 29 C.F.R. §516.4  and the New York Labor Law, N.Y. Comp. Codes R. & Regs. 12 §146-2.4.

## COLLECTIVE ACTION ALLEGATIONS

29.     At all relevant times, Plaintiffs and the other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for all hours worked in excess of forty (40) each week.

30.     Plaintiffs also bring FLSA claims on behalf of themselves and all non-exempt employees of Defendants who give their consent, in writing, to become plaintiffs and who performed duties including, but not limited to, preparing and/or cooking food, washing dishes, unloading trucks, cleaning and/or maintaining the premises at any time during the three (3) years prior to the filing of their respective consent forms.

31.     Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiffs, who have been underpaid in violation of the FLSA. The named Plaintiffs are representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

32.     Plaintiffs seeks to proceed as a collective action pursuant to 29 U.S.C. §216(b) on behalf of themselves and all similarly situated persons who work or have worked for Defendants at any time during the three (3) years prior to the filing of their respective consent forms.

33.     The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendant.  These similarly situated employees should be

notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiffs, who have been unlawfully deprived of overtime pay and minimum wage in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT: OVERTIME WAGES**

34.      Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

35.      Defendants employed Plaintiffs and Collective Action Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate the Plaintiffs for the time worked in excess of forty (40) hours per week, at a rate of at least one and one-half times the regular rate, in violation of the FLSA.

36.      Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs and other similarly situated current and former employees.

37.      Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §255.

38.      Plaintiffs and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW: OVERTIME WAGES

39.　　Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

40.　　Defendants employed Plaintiffs for workweeks longer than forty (40) hours and willfully failed to compensate them for the time worked in excess of forty (40) hours per week at a rate of at least one and one-half times their regular rate in violation of the New York Labor Law Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations, including 12 N.Y.C.R.R. Part 142.

41.　　Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## THIRD CLAIM FOR RELIEF
## NEW YORK LABOR LAW: SPREAD OF HOURS

42.　　Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

43.　　Defendants willfully failed to pay Plaintiffs one additional hour pay at the basic minimum wage rate before allowances for each day the spread of hours exceeded ten (10) in violation of New York Labor Law.

44.　　Plaintiffs are entitled to recover from Defendants spread of hours pay, plus interest, liquidated damages, reasonable attorneys' fees and the costs of this action.

## FOURTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE NOTICE

45.　　Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

8

46.     Defendants failed to provide Plaintiffs upon hire with written of their rate of pay and other information required by New York Labor Law §195(1) and 12 N.Y.C.R.R. Part 146.

47.     Plaintiffs are entitled to recover statutory damages from Defendants.

## FIFTH CLAIM FOR RELIEF
## NEW YORK LABOR LAW: WAGE STATEMENTS

48.     Plaintiffs allege and incorporate by reference all allegations in all preceding paragraphs.

49.     Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing the regular hourly rate or rates of pay, the overtime rate or rates of pay, the number of regular hours worked, and the number of overtime hours worked as required by New York Labor Law §195(3) and 12 N.Y.C.R.R. Part 146.

50.     Plaintiffs are entitled to recover statutory damages from Defendants.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i)     Unpaid wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §201 et seq. and the supporting United States Department of Labor regulations;

(ii)    Unpaid minimum wages, overtime wages, spread of hours pay and damages pursuant to New York Labor Law §198, liquidated damages and pre- and post-Judgment interest;

(iii)   Certification of this case as a collective action under 29 U.S.C. §216(b);

(iv)    Issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under New York Labor Law, Article 19, §650 et seq., and the supporting New York State Department of Labor Regulations;

(v)     All attorneys' fees and costs incurred in prosecuting these claims; and

     (vi)     Such other relief as this Court deems just and proper.

Dated: Hauppauge, New York
        May 1, 2019

                        LAW OFFICE OF PETER A. ROMERO PLLC

                        */s/ Peter A. Romero*

By:   _____
            Peter A. Romero, Esq.
            825 Veterans Highway, Suite B
            Hauppauge, New York 11788
            Tel. (631) 257-5588
            promero@romerolawny.com

            *Attorneys for Plaintiffs*

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against Cloister Café to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq.  I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action.  I hereby authorize the Law Office of Peter A. Romero to represent me in this case.  This document has been read to me in Spanish.

Natalio Velasquez Marquez

04 — 08 — 19
Date

Natalio Velázquez Márquez

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against The Cloister Cafe to recover unpaid overtime wages owed for weeks in which I worked more than forty (40) hours pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. §201 et seq.  I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action.  I hereby authorize the Law Office of Peter A. Romero to represent me in this case.  This document has been read to me in Spanish.

_____
Victor Peralta

_____3/28/19
Date